**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WOODROW FLEMMING,**

                **Plaintiff,**                 **9:11-cv-1232
                                                                  (GLS/TWD)**

        **v.**

**TODD LAROSE et al.,**

                **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Woodrow Flemming
Pro Se
PO Box 146
New York, NY 10039

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     LAURA A. SPRAGUE
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Woodrow Flemming commenced this action against

over one-hundred defendants, pursuant to 42 U.S.C. § 1983, alleging,

among other things, Eighth Amendment medical indifference claims. (*See generally* Compl., Dkt. No. 1.) After this court dismissed several defendants, and all causes of action save for Flemming's Eighth Amendment claims, (Dkt. No. 12), the only remaining defendants are Todd LaRose, Sergeant; Adam Southworth, Corrections Officer; Heath Baker, RN II; Nancy Smith, Nurse Administrator; Richard Adam, Physician; D. Hammac, RN II; Elizabeth White, RN II; George Waterson, RN II; Geraldine Wilson, RN II; K. Rabideau, Acting Nurse Administrator; Amber A. Lashway, Nurse Practitioner; and Ama Cushman, RN II. (Compl.)

On December 17, 2013, the remaining defendants moved for summary judgment. (Dkt. No. 82.) In an Order and Report-Recommendation (R&R) issued on August 12, 2014, Magistrate Judge Thérèse Wiley Dancks recommended that defendants' motion for summary judgment be granted in its entirety. (Dkt. No. 103.) Pending are Flemming's objections to the R&R. (Dkt. No. 105.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

At the time relevant to this action, Flemming was an inmate in the custody of the Department of Corrections and Community Supervision, and

his remaining claims relate to incidents that occurred while he was housed at Upstate Correctional Facility. (*See generally* Compl.) Flemming's remaining claims include Eighth Amendment medical indifference claims. Specifically, his claims involve: (1) the alleged refusal of Southworth and LaRose to restore the power to Flemming's continuous positive airway pressure (CPAP) machine[1] after the power was cut off, causing a temporary interruption of Flemming's use of the machine, on March 6, 2011, (Compl. ¶ 127A); and (2) the remaining defendants' alleged failure to transfer him from the Special Housing Unit (SHU) to the infirmary, their refusal to treat him and provide medication for pain in his shoulder, hip, leg, and knees, and their deprivation of his use of his walking cane, (*id.* ¶ 128).

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and

---

[1] Flemming suffers from sleep apnea, which necessitates the use of a CPAP machine. (Dkt. No. 91, Attach. 5 at 56.)

recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

In her R&R, Judge Dancks first discussed Flemming's claims against LaRose and Southworth regarding Flemming's use of his CPAP machine. (Dkt. No. 103 at 11-15.) Judge Dancks noted that, at most, Flemming lost one night of sleep because the power for his CPAP machine was off. (*Id.* at 14.) Given that his own evidence revealed that, in the past, he had gone several days without use of his CPAP machine, Judge Dancks concluded that there was no evidence from which a factfinder could conclude that the temporary interruption in the use of his CPAP machine exacerbated his medical condition, or presented a serious medical need or risk to his health. (*Id.*) Thus, Judge Dancks recommended that Flemming's Eighth Amendment claim related to his CPAP machine be dismissed. (*Id.* at 14-

15 (citing *Santana v. Watson*, No. 13 Civ. 1549, 2014 WL 1803308, at *5 (S.D.N.Y. May 6, 2014) (holding that plaintiff failed to state an Eighth Amendment violation where there was "no indication that [the plaintiff's] health declined during the time he was without a CPAP machine, or that the temporary deprivation significantly affected his daily activities or caused him chronic and substantial pain")).)

Next, Judge Dancks addressed Flemming's claims against the remaining defendants. (*Id.* at 15-23.) As an initial matter, Judge Dancks recommended that these claims be dismissed because they are barred by *res judicata*. (*Id.* at 16-20 (citing *Flemming v. Smith*, No. 9:11-CV-00804, 2014 WL 3698004 (N.D.N.Y. July 24, 2014) (dismissing Flemming's Eighth Amendment claims premised on defendants' failure to diagnose and treat known medical issues with his shoulder, back, hip, and knees, and their refusal to provide him with a walking cane); *Flemming v. Goord*, No. 06-cv-26, 2008 WL 4532506 (N.D.N.Y. Sept. 29, 2008) (dismissing Flemming's Eighth Amendment claims related to the deprivation of his walking cane); *Flemming v. Kemp*, No. 09-cv-1185, Dkt. No. 8 (N.D.N.Y. Mar. 3, 2009) (dismissing Flemming's Eighth Amendment claims based upon the prohibition of the use of his walking cane in SHU).) Even if these claims

are not barred by *res judicata*, however, Judge Dancks recommended that these claims be dismissed on their merits because his complaint "does not include a single non-conclusory fact," and, similarly, his "deposition testimony contains only conclusory assertions that various of the [d]efendants kept him in SHU; denied him medical treatment . . . ; stopped giving him [pain medication]; and took away his cane." (*Id.* at 20-23.)

Here, in his untimely objections, Flemming utterly fails to identify errors with any specific portion of the R&R. (*See generally* Dkt. No. 105.) Instead, Flemming first argues that he should have been appointed counsel, (*id.* at 1-2, 3), and then goes on to re-state his interpretation of the controlling law, and regurgitate arguments that he previously raised in his opposition to defendants' motion for summary judgment, and which Judge Dancks thoroughly considered in her R&R, (*compare* Dkt. No. 91, Attach. 4 at 10-24, *with* Dkt. No. 105 at 2-4). These "objections" are not sufficient to trigger *de novo* review. Accordingly, consistent with the standards set forth in *Almonte*, 2006 WL 149049, at *3-5, the court has carefully reviewed the record, found no clear error in the R&R, and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Therèse Wiley Dancks' August 12, 2014 Order and Report-Recommendation (Dkt. No. 103) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 82) is **GRANTED** and Flemming's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 19, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court